Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2024**   00886

E-Filing Number: 2409017776

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANGEL ORTIZ-CINTRON | CSX INTERMODAL TERMINALS, INC. C/O CT CORPORATION SYSTEM |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3234 KEIM STREEET<br>PHILADELPHIA PA 19134 | 600 N 2ND STREET #401<br>HARRISBURG PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | CONRAIL, INC. C/O CT CORPORATION SYSTEM-DAUPHIN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 600 N 2ND STREET #401<br>HARRISBURG PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | U.S. 1 LOGISTICS, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2502 WHEATSHEAF LANE<br>PHILADELPHIA PA 19137 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[X] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
|---|---|---|
| | **FILED PRO PROTHY**<br>SEP 10 2024<br>**L. BREWINGTON** | |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANGEL ORTIZ-CINTRON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JASON E. FINE | 1628 JFK BLVD<br>SUITE 2120<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (267)888-2960 | (267)687-7018 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 82452 | scheduling@jfinelaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JASON FINE | Tuesday, September 10, 2024, 08:34 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. CSX INTERMODAL TERMINALS, INC. C/O CT CORPORATION SYSTEM
     600 N 2ND STREET #401
     HARRISBURG PA 17101
2. CONRAIL, INC. C/O CT CORPORATION SYSTEM-DAUPHIN
     600 N 2ND STREET #401
     HARRISBURG PA 17101
3. U.S. 1 LOGISTICS, LLC
     2502 WHEATSHEAF LANE
     PHILADELPHIA PA 19137
4. JOHN DOE
     123 MAIN STREET
     ANYTOWN PA 19103

**J. FINE LAW GROUP, P.C.**
By: Jason E. Fine, Esquire
Attorney ID#: 82452
By: Matthew W. White, Esquire
Attorney ID#: 321712
1628 JFK Blvd., Suite 2120
Philadelphia, PA 19103
(267)-888-2960
jason@jfinelaw.com
matt@jfinelaw.com

**Attorneys for Plaintiff**
Angel Ortiz-Cintron



*Filed and Attested by the
Office of Judicial Records
10 ... 2024 ... am*

---

| | |
|---|---|
| **ANGEL ORTIZ-CINTRON**<br>3234 Keim Street<br>Philadelphia, PA 19134<br>　　　　　　　*Plaintiff*<br><br>　　*VS* | COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br><br>TERM 2024 |
| **CSX INTERMODAL TERMINALS, INC.**<br>**c/o CT Corporation System-Erie**<br>600 N 2nd Street #401.<br>Harrisburg, PA 17101<br>and<br>**CONRAIL, INC.**<br>**c/o CT Corporation System-Dauphin**<br>600 N 2nd Street #401.<br>Harrisburg, PA 17101<br>And<br>**U.S. 1 LOGISTICS, LLC**<br>2502 Wheatsheaf Lane<br>Philadelphia, PA 19137<br>And<br>**JOHN DOE**<br>123 Main Street<br>Anytown, PA 19103<br>　　　　　*Defendants* | No.<br><br><br>**THIS IS A MAJOR CASE**<br>**JURY TRIAL DEMANDED**<br>**ASSESSMENT OF DAMAGES**<br>**HEARING IS REQUIRED** |

---

## CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed

without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PA 19107
TELEPHONE: (215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
ONE READING CENTER
FILADELFIA, PA 19107
TELÉFONO: (215) 238-6333

2

## COUNT I
## *(FACTS COMMON TO ALL COUNTS)*

### PARTIES

1.     Plaintiff, ANGEL ORTIZ-CINTRON, is an individual citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above captioned address.

2.     At all times material hereto, defendant, CSX INTERMODAL TERMINALS, INC. (hereinafter referred to as "CSX") is a business, entity, company, partnership, franchise, fictitious name, proprietorship and/or corporation, existing organized, licensed, and/or qualified under the laws of the State of Delaware with its registered address for service at the above captioned address.

3.     At all times material hereto, defendant, CONRAIL, INC. (hereinafter referred to as "CONRAIL") is a business, entity, company, partnership, franchise, fictitious name, proprietorship and/or corporation, existing organized, licensed, and/or qualified under the laws of the Commonwealth of PENNSYLVANIA with its registered address for service at the above captioned address.

4.     At all times material hereto, defendant, U.S. 1 LOGISTICS, INC. (hereinafter "U.S. 1") ") is a business, entity, company, partnership, franchise, fictitious name, proprietorship and/or corporation, existing organized, licensed, and/or qualified under the laws of the Commonwealth of Virginia with its registered address for service at the above captioned address.

5.     Defendant, JOHN DOE, are various fictitious and currently unidentified Individuals, Estates, Admintrators/Adminstratrix, Professional Associations, Partnerships, Institutions, Corporations and/or Companies, whose identity, name and information is unknown to plaintiff despite the use of due diligence, but at all times had a duty to maintain the parking lot and/or walkway area located the subject premises which gave rise to the instant matter.  As this/these defendant(s) are identified, plaintiff shall seasonably amend this Civil Action.

3

6.    A reasonable and diligent search was conducted to determine the actual names/identities of defendant, JOHN DOE.

7.    Pursuant to Pennsylvania Rule of Civil Procedure 2005, defendant, JOHN DOE, is/are currently unidentified, fictitious defendants added Doe designated to this action where their actual name/identity is unknown despite a reasonable and diligent search.

8.    Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, as defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

9.    At all relevant times, defendant, JOHN DOE, carried on substantial business activities within Philadelphia County and the Commonwealth of Pennsylvania.

10.    At all times material hereto, defendants were either acting by and through their/its respective employees, officers, staff, administrators, representatives, workers, contractors, servants, agents, and/or personnel, while in the course and scope of the job duties and/or functions for which each person was hired to perform in furtherance of each respective defendant's business, and the doctrine of *Respondeat Superior* is invoked herein.

11.    At all times material hereto, defendants were responsible to determine the competency and qualifications; and/or, the lack of competency and qualifications of their/its respective agents, employees, officers, staff, administrators, representatives, workers, contractors, servants, agents, and/or personnel, while in the course and scope of the job duties and/or functions for which each person was hired to perform in furtherance of each respective defendant's business.

12.    At all times material hereto, defendants were either acting individually, and/or on each other's behalf, by and through defendants control of their/its respective employees, officers, staff, administrators, representatives, workers, contractors, servants, agents, and/or personnel, while in the course and scope of the job duties and/or functions for which each person was hired to perform in furtherance of each respective defendant's business.

4

**SUBJECT INCIDENT**

13.     On or about February 7, 2024, at or about 9:30 a.m., plaintiff, ANGEL ORTIZ-CINTRON, was a lawful pedestrian and business invitee using the yard on the south side of the rail tracks located near 3400 S. Christopher Columbus Blvd, Philadelphia, PA 19148 (hereinafter also referred to as "The Premises").

14.     The Premises consists of an open yard directly south of, and across the rail tracks from, the property at 3400 S. Christopher Columbus Blvd, Philadelphia, PA 19148, which is marked and known as the "CSX Greenwich Yard".

15.     According to Google Maps, The Premises is marked as "US1 INTERMODAL YARD".



16.     At all times material hereto, defendants, CSX and/or CONRAIL, jointly and/or severally owned, operated, maintained, controlled, possessed, warranted, and/or managed The Premises.

17.     At all times material hereto, defendant U.S. 1 leased, operated, maintained, controlled, possessed, warranted, and/or managed the property.

5

18.    Based upon information and belief, the defendant, on or about February 7, 2024, at or about 9:30 a.m., JOHN DOE, was/were the entity/entities responsible for maintenance and management of The Premises.

19.    At all times material hereto, defendants jointly and/or severally maintained the sole and exclusive responsibility to, care for; manage; supervise; oversee; maintain; clean; repair; fix; inspect; and, control The Premises including, but not limited to the yard and/or walkway on/of the premises.

20.    On or about February 7, 2024, at or about 9:30 a.m., defendants wrongfully, carelessly, and negligently allowed hazardous, dangerous, negligent and/or defective conditions, to wit: a parking lot and/or walkway in disrepair with elevated and descending unlevel areas with unkempt wires on the ground creating tripping conditions to exist and remain on/of the premises walkway and/or lot for an unreasonable amount of time (hereinafter "hazardous, dangerous, negligent and/or defective condition").

21.    For a significant period of time prior to February 7, 2024, defendants, jointly and/or severally knew or should have known that there existed dangerous and defective conditions on the aforementioned yard, namely an unleveled, uneven and deep pothole with wires sticking out, and the potential hazards that were presented by that dangerous and defective condition of The Premises.

22.    At all times material hereto, defendants jointly and/or severally owed the plaintiff a duty to exercise reasonable care, which include knowing or, by the exercise of reasonable care having reason to know, or discover hazardous, dangerous, negligent, and defective conditions on/of The Premises parking lot and/or walkway area, which involve reasonable risk of harm to customers, guests, patrons, the general public, and invitees such as the plaintiff.

6

23.     At all times material hereto, defendants jointly and/or severally owed the plaintiff a duty to exercise reasonable care, which includes a duty to expect that individuals, such as plaintiff, would not discover or realize hazardous, dangerous, negligent and/or defective conditions on/of The Premises and/or walkway area; or, fail to protect themselves against hazardous, dangerous, negligent and/or defective conditions on/of The Premises parking lot and/or walkway area.

24.     At all times material hereto, defendants jointly and/or severally owed the plaintiff a duty to exercise reasonable care, and protect customers, guests, patrons, the general public and invitees, such as the plaintiff, against hazardous, dangerous, negligent, and/or defective conditions located on/of The Premises parking lot and/or walkway area.

25.     At all times material hereto, defendants jointly and/or severally owed the plaintiff a duty to exercise reasonable care for the safety of those traversing upon The Premises parking lot and/or walkway area in a way that is reasonably expected for customers, guests, patrons, the general public and invitees, such as the plaintiff, to traverse The Premises.

26.     At all times material hereto, defendants jointly and/or severally owed the plaintiff a duty to exercise reasonable care, to put The Premises parking lot and/or walkway in a condition reasonably safe for the reasonably expected use by customers, guests, patrons, the general public and invitees, such as the plaintiff, who foreseeably would have to traverse The Premises parking lot and/or walkway area.

27.     At all times material hereto, defendants jointly and/or severally owed the plaintiff a duty to exercise reasonable care to carry on its activities involving The Premises so as to not endanger customers, guests, patrons, the general public and invitees, such as the plaintiff, who would be traversing The Premises parking lot and/or walkway area.

28.     At all times material hereto, defendants jointly and/or severally owed the plaintiff a duty to exercise reasonable care to warn customers, guests, patrons, the general public and

7

invitees, such as the plaintiff, of the risk of harm involved in walking upon The Premises parking lot and/or walkway area.

29.     At all times material hereto, defendants had responsibilities and obligations for the safety of customers, guests, patrons, the general public, and invitees, such as plaintiff that would travel on The Premises parking lot and/or walkways which include, but are not limited to, keeping designated parking lot and/or walkways area free from hazardous, dangerous, negligent and/or defective conditions

30.     On or about February 7, 2024, at or about 9:30 a.m., plaintiff, ANGEL ORTIZ-CINTRON, a lawful pedestrian and business invitee was walking carefully on The Premises parking lot and/or walkway when suddenly and without warning and/or notice, plaintiff, was caused to trip, stumble and/or fall to the ground by reason of plaintiff coming into direct contact with the aforementioned hazardous, dangerous, negligent and/or defective conditions crated by the carelessness and negligence of the defendants, jointly and/or severely, thereby causing plaintiff to trip, stumble and/or fall to the ground and sustain serious, painful and permanent personal injuries and damages, more particularly hereinafter described (hereinafter referred to as "subject fall").

31.     It is alleged and averred that the previously mentioned hazardous, dangerous negligent, and/or defective condition on/of The Premises parking lot and/or walkway area created a reasonably foreseeable risk of injuries and damages which plaintiff sustained.

32.     It is alleged and averred defendants knew of or should have known of the existence of the hazardous, dangerous, negligent, and/or defective conditions on/of The Premises parking lot and/or walkway area.

33.     It is alleged and averred that defendants did not make the previously mentioned hazardous, dangerous, negligent, and/or defective condition on/of The Premises parking lot and/or walkway safe for the anticipated use by plaintiff.

8

34.     The subject fall was due solely to the negligence and carelessness of the defendants, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

35.     As a result of the negligence and carelessness of the defendants, jointly and/or severally causing plaintiff's subject fall as aforementioned, plaintiff, ANGEL ORTIZ-CINTRON, sustained multiple injuries, including, but not limited to: tear of both patella tendons and shoulder requiring surgery; as well as other injuries to his head, bones, cells, tissues, nerves, muscles and functions; and shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

36.     As a result of the negligence and carelessness of the defendants, jointly and/or severally causing plaintiff's subject fall as aforementioned, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

37.     As a result of the negligence and carelessness of the defendants, jointly and/or severally causing plaintiff's subject fall as aforementioned, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

38.     As a result of the negligence and carelessness of the defendants, jointly and/or severally causing plaintiff's subject fall as aforementioned, plaintiff has suffered an injury which is permanent, irreparable and severe.

39.     As a result of the negligence and carelessness of the defendants, jointly and/or severally causing plaintiff's subject fall as aforementioned, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

9

40.    As a result of the negligence and carelessness of the defendants, jointly and/or severally causing plaintiff's subject fall as aforementioned, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for her benefit, if he had not been so grievously injured.

41.    As a result of the negligence and carelessness of the defendants, jointly and/or severally causing plaintiff's subject fall as aforementioned, plaintiff has suffered medically determinable physical and/or mental impairments that prevent plaintiff from performing all, or substantially all of the material acts, and duties that constituted plaintiff's usual and customary activities prior to the incident.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

### COUNT II
### PLAINTIFF, ANGEL ORTIZ CINTRON V. DEFENDANT(S), CSX INTERMODAL TERMINALSS, INC. and CONRAIL, INC.

42.    Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

43.    At all times relevant hereto, the wrongful, careless, and negligent conduct of defendant(s), CSX INTERMODAL TERMINALS, INC. and CONRAIL, INC., by and through their/its employees, officers, staff, administrators, representatives, workers, contractors, agents, servants, and/or personnel, consisted of, *inter alia*, the following:

    a.    Failed to perform duties in which it assumed;
    b.    Failing to fix the uneven/unleveled condition and hazardous wires of the subject parking lot and/or walkway;
    c.    Allowing the parking lot and/or walkway to exist in an uneven/unleveled condition with hazardous wires with a deep camouflaged divot thereupon;
    d.    Failing to fix the uneven/unleveled condition and hazardous wires of the subject parking lot and/or walkway;

10

Case ID: 240900886

e.   Failing to place warning signs to alert plaintiff of the dangerous condition of the subject parking lot and/or walkway;

f.   Failing to cordon off the subject parking lot and/or walkway;

g.   Failing to remedy the defective condition in which it created;

h.   Failed to exercise reasonable care under the circumstances;

i.   Failed to provide plaintiff a safe and adequate passage;

j.   Failed to allow for plaintiff to secure proper footing on the parking lot/walkway of said premises;

k.   Caused or permitting an unreasonable risk of injury to plaintiff;

l.   Caused or permitted dangerous hazardous, and defective conditions to remain on the commercial premises for an unreasonable period of time;

m.   Failed to warn or give notice to plaintiff of the hazardous, dangerous, and defective conditions to prevent injury to the plaintiff, and other visitors while traversing the commercial premises parking lot /walkway;

n.   Caused or permitted a defective condition at the previously mentioned premises on/of a defective parking lot /walkway to remain and continue to deteriorate on the defective parking lot /walkway for an unreasonable amount of time, so as to pose an unreasonable risk of injury to plaintiff, while using the parking lot/walkway on the commercial premises;

o.   Caused or permitted hazardous, dangerous, and defective conditions on the commercial premises, which involve a risk of harm to customers, guests, patrons, the general public, and invitees such as the plaintiff;

p.   Caused or permitted hazardous, dangerous, and defective conditions to exist on the commercial premises parking lot /walkway area, of which defendant knew, or should have known of the hazardous, dangerous, and defective conditions by the exercise of reasonable care;

q.   Caused or permitted a highly dangerous hazardous, dangerous, and defective conditions to exist on the commercial premises for an unreasonable amount of time;

r.   Caused or permitted dangerous hazardous, dangerous, and defective conditions to be located on the commercial premises which caused plaintiff to trip and fall;

s.   Failed to protect customers, guests, patrons, the general public and invitees, such as the plaintiff, against hazardous, dangerous, and defective conditions located on the commercial premises parking lot/walkway;

t.   Failed to put the commercial premises parking lot /walkway in a reasonably safe condition for the reasonably anticipated use of the commercial premises parking lot/walkway for individuals, such as plaintiff, who foreseeably would traverse the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

u.   Failed to carry on its activities involving the commercial premises so as to not endanger individuals, such as the plaintiff, who

11

foreseeably would traverse the commercial premises parking lot/walkway;

v.    Failed to warn plaintiff of the risk of harm involved when traversing the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

w.    Failed to keep designated parking lot/walkway s on the subject premises free from hazardous, dangerous, and defective conditions prior to the time of plaintiff's fall;

x.    Failed to make the hazardous, dangerous, and defective conditions on the commercial premises parking lot/walkway safe for the anticipated use of the commercial premises parking lot/walkway by plaintiff, prior to the time of plaintiff's fall;

y.    Failed to take steps to provide for the safety of pedestrians such as plaintiff, prior to the time of plaintiff's fall;

z.    Failed to thoroughly inspect the commercial premises parking lot/walkway, prior to the time of plaintiff's fall;

aa.    Failed to timely inspect the commercial premises parking lot/walkway, prior to the time of plaintiff's fall;

bb.    Failed to partition the parking lot/walkway on the commercial premises so that plaintiff could avoid hazardous, dangerous, and defective conditions while traversing the parking lot/walkway on the commercial premises, prior to the time of plaintiff's fall;

cc.    Failed to thoroughly inspect, discover, and remedy the hazardous, dangerous, and defective conditions which existed on a walking surface, which defendant knew, or reasonably should have known existed prior to the time of plaintiff's fall;

dd.    Failed to warn members of the general public of the hazardous, dangerous, and defective conditions that existed on the commercial premises;

ee.    Failed to use warning signs/devices, erect barricades, or take any other safety precautions to alert plaintiff of the hazardous, dangerous, and defective conditions posed when traversing the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

ff.    Failed to take proper precautions so that plaintiff would not have encountered hazardous, dangerous, and defective conditions on the commercial premises parking lot/walkway, prior to the time of plaintiff's fall;

gg.    Failed to adopt, enact, employ, and enforce proper and adequate safety precautions; procedures, measures, and plans for the safety of individuals, such as plaintiff, could safely traverse the parking lot/walkway on the commercial premises, prior to the time of plaintiff's fall;

hh.    Failed to make a reasonable timely inspection of the commercial premises parking lot/walkway which would have revealed the existence of hazardous, dangerous, and defective conditions;

ii.    Failed to maintain the commercial premises reasonably safe condition for the use by persons like the plaintiff, prior to the time of plaintiff's fall;

12

jj. Failed to properly maintain said premises in a safe manner to prevent the existence of hazardous, dangerous, and defective conditions, prior to the time of plaintiff's fall;

kk. Failed to remove hazardous, dangerous, and defective conditions from the commercial premises parking lot/walkway that would have been discovered with a reasonable investigation prior to the time of plaintiff's fall;

ll. Failed to replace and/or repair the parking lot/walkway on the commercial premises and/or otherwise remove the defective and dangerous parking lot/walkway on the commercial premises prior to the time of plaintiff's fall;

mm. Failed to timely remove a known hazardous, dangerous, and defective conditions resulting dangerous condition on premises parking lot/walkway;

nn. Failed to remediate the known hazardous, dangerous, and defective change in elevation from the commercial premises walkway/parking lot prior to the time of plaintiff's fall;

oo. Failed to keep the commercial premises parking lot/walkway free of dangerous tripping hazards;

pp. Failed to keep the commercial premises parking lot/walkway free from camouflaged hazardous, dangerous, and defective conditions;

qq. Failed to properly maintain the commercial premises parking lot/walkway in a safe condition, despite the fact that defendant had reason to know of the dangerous, hazardous, and defective conditions prior to the time of plaintiff's fall;

rr. Failed to properly maintain the commercial premises parking lot/walkway in a safe condition despite the fact that defendant should have known of the dangerous hazardous, and defective conditions prior to the time of plaintiff's fall;

ss. Failed to properly supervise their/its employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel;

tt. Failed to properly instruct their/its employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel;

uu. Failed to professionally train their/its employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel;

vv. Hired unfit employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel for their positions;

ww. Failed to have policies in place that timely inspect, identify, address, and mitigate dangerous, hazardous, and defective conditions on the commercial premises, prior to the time of plaintiff's fall;

xx. Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to timely repair the commercial premises, prior to the time of plaintiff's fall;

13

yy.  Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to properly repair the commercial premises, prior to the time of plaintiff's fall;

zz.  Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to timely inspect, identify, address, and mitigate dangerous, hazardous, and defective conditions on the commercial premises, prior to the time of plaintiff's fall;

aaa.  Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to timely repair the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

bbb.  Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual maintain the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

ccc.  Failed to coordinate with other entities, contractors, or subcontractors capable of successfully and timely inspect, identify, address, and mitigate dangerous, hazardous, and defective conditions on the commercial premises, prior to the time of plaintiff's fall;

ddd.  Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to safely remedy the known dangerous, hazardous, defective conditions of the commercial premises that caused plaintiff's trip and fall, prior to the time of plaintiff's fall;

eee.  General lack of regard for the public;

fff.  Violated Philadelphia County ordinances, codes, and/or laws;

ggg.  Violating the International Property Maintenance Code § 302 Exterior Property Areas §§ 302.2 (Grading and drainage) and 302.3 (Sidewalks and driveways);

hhh.  Violating the BOCA National Property Maintenance Code § 303.3; and

iii.  Violating ASTM Standard practices for safe walking surfaces § 5.1, 5.2 Walkway Changes in level, 5.7 Exterior Walkways.

44.  All of the following averments are incorporated in the following Counts as though set forth therein at length.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

14

## COUNT III
## PLAINTIFF VS. DEFENDANT, U.S. 1 LOGISTICS, LLC

45.   Plaintiff fully incorporates herein by reference all averments set forth above as if

fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

46.   At all times relevant hereto, the wrongful, careless, and negligent conduct of

defendant, U.S. 1 LOGISTICS, LLC., by and through their/its employees, officers, staff,

administrators, representatives, workers, contractors, agents, servants, and/or personnel,

consisted of, *inter alia*, the following:

   jjj. Failed to perform duties in which it assumed;

   kkk. Failing to fix the uneven/unleveled condition and hazardous wires of the subject parking lot and/or walkway;

   lll. Allowing the parking lot and/or walkway to exist in an uneven/unleveled condition with hazardous wires and a deep camouflaged divot thereupon;

   mmm. Failing to fix the uneven/unleveled condition and hazardous wires of the subject parking lot and/or walkway;

   nnn. Failing to place warning signs to alert plaintiff of the dangerous condition of the subject parking lot and/or walkway;

   ooo. Failing to cordon off the subject parking lot and/or walkway;

   ppp. Failing to remedy the defective condition in which it created;

   qqq. Failed to exercise reasonable care under the circumstances;

   rrr. Failed to provide plaintiff a safe and adequate passage;

   sss. Failed to allow for plaintiff to secure proper footing on the parking lot/walkway of said premises;

   ttt. Caused or permitting an unreasonable risk of injury to plaintiff;

   uuu. Caused or permitted dangerous hazardous, and defective conditions to remain on the commercial premises for an unreasonable period of time;

   vvv. Failed to warn or give notice to plaintiff of the hazardous, dangerous, and defective conditions to prevent injury to the plaintiff, and other visitors while traversing the commercial premises parking lot /walkway;

   www. Caused or permitted a defective condition at the previously mentioned premises on/of a defective parking lot /walkway to remain and continue to deteriorate on the defective parking lot /walkway for an unreasonable amount of time, so as to pose an unreasonable risk of injury to plaintiff, while using the parking lot/walkway on the commercial premises;

   xxx. Caused or permitted hazardous, dangerous, and defective conditions on the commercial premises, which involve a risk of harm to customers, guests, patrons, the general public, and invitees such as the plaintiff;

15

yyy.  Caused or permitted hazardous, dangerous, and defective conditions to exist on the commercial premises parking lot /walkway area, of which defendant knew, or should have known of the hazardous, dangerous, and defective conditions by the exercise of reasonable care;

zzz.  Caused or permitted a highly dangerous hazardous, dangerous, and defective conditions to exist on the commercial premises for an unreasonable amount of time;

aaaa.  Caused or permitted dangerous hazardous, dangerous, and defective conditions to be located on the commercial premises which caused plaintiff to trip and fall;

bbbb.  Failed to protect customers, guests, patrons, the general public and invitees, such as the plaintiff, against hazardous, dangerous, and defective conditions located on the commercial premises parking lot/walkway;

cccc.  Failed to put the commercial premises parking lot /walkway in a reasonably safe condition for the reasonably anticipated use of the commercial premises parking lot/walkway for individuals, such as plaintiff, who foreseeably would traverse the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

dddd.  Failed to carry on its activities involving the commercial premises so as to not endanger individuals, such as the plaintiff, who foreseeably would traverse the commercial premises parking lot/walkway;

eeee.  Failed to warn plaintiff of the risk of harm involved when traversing the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

ffff.  Failed to keep designated parking lot/walkway s on the subject premises free from hazardous, dangerous, and defective conditions prior to the time of plaintiff's fall;

gggg.  Failed to make the hazardous, dangerous, and defective conditions on the commercial premises parking lot/walkway safe for the anticipated use of the commercial premises parking lot/walkway by plaintiff, prior to the time of plaintiff's fall;

hhhh.  Failed to take steps to provide for the safety of pedestrians such as plaintiff, prior to the time of plaintiff's fall;

iiii.  Failed to thoroughly inspect the commercial premises parking lot/walkway, prior to the time of plaintiff's fall;

jjjj.  Failed to timely inspect the commercial premises parking lot/walkway, prior to the time of plaintiff's fall;

kkkk.  Failed to partition the parking lot/walkway on the commercial premises so that plaintiff could avoid hazardous, dangerous, and defective conditions while traversing the parking lot/walkway on the commercial premises, prior to the time of plaintiff's fall;

llll.  Failed to thoroughly inspect, discover, and remedy the hazardous, dangerous, and defective conditions which existed on a walking surface, which defendant knew, or reasonably should have known existed prior to the time of plaintiff's fall;

16

mmmm.   Failed to warn members of the general public of the hazardous, dangerous, and defective conditions that existed on the commercial premises;

nnnn.   Failed to use warning signs/devices, erect barricades, or take any other safety precautions to alert plaintiff of the hazardous, dangerous, and defective conditions posed when traversing the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

oooo.   Failed to take proper precautions so that plaintiff would not have encountered hazardous, dangerous, and defective conditions on the commercial premises parking lot/walkway, prior to the time of plaintiff's fall;

pppp.   Failed to adopt, enact, employ, and enforce proper and adequate safety precautions, procedures, measures, and plans for the safety of individuals, such as plaintiff, could safely traverse the parking lot/walkway on the commercial premises, prior to the time of plaintiff's fall;

qqqq.   Failed to make a reasonable timely inspection of the commercial premises parking lot/walkway which would have revealed the existence of hazardous, dangerous, and defective conditions;

rrrr.   Failed to maintain the commercial premises reasonably safe condition for the use by persons like the plaintiff, prior to the time of plaintiff's fall;

ssss.   Failed to properly maintain said premises in a safe manner to prevent the existence of hazardous, dangerous, and defective conditions, prior to the time of plaintiff's fall;

tttt.   Failed to remove hazardous, dangerous, and defective conditions from the commercial premises parking lot/walkway that would have been discovered with a reasonable investigation prior to the time of plaintiff's fall;

uuuu.   Failed to replace and/or repair the parking lot/walkway on the commercial premises and/or otherwise remove the defective and dangerous parking lot/walkway on the commercial premises prior to the time of plaintiff's fall;

vvvv.   Failed to timely remove a known hazardous, dangerous, and defective conditions resulting dangerous condition on premises parking lot/walkway;

wwww.   Failed to remediate the known hazardous, dangerous, and defective change in elevation from the commercial premises walkway/parking lot prior to the time of plaintiff's fall;

xxxx.   Failed to keep the commercial premises parking lot/walkway free of dangerous tripping hazards;

yyyy.   Failed to keep the commercial premises parking lot/walkway free from camouflaged hazardous, dangerous, and defective conditions;

zzzz.   Failed to properly maintain the commercial premises parking lot/walkway in a safe condition, despite the fact that defendant had reason to know of the dangerous, hazardous, and defective conditions prior to the time of plaintiff's fall;

17

aaaaa. Failed to properly maintain the commercial premises parking lot/walkway in a safe condition despite the fact that defendant should have known of the dangerous hazardous, and defective conditions prior to the time of plaintiff's fall;

bbbbb. Failed to properly supervise their/its employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel;

ccccc. Failed to properly instruct their/its employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel;

ddddd. Failed to professionally train their/its employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel;

eeeee. Hired unfit employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel for their positions;

fffff. Failed to have policies in place that timely inspect, identify, address, and mitigate dangerous, hazardous, and defective conditions on the commercial premises, prior to the time of plaintiff's fall;

ggggg. Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to timely repair the commercial premises, prior to the time of plaintiff's fall;

hhhhh. Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to properly repair the commercial premises, prior to the time of plaintiff's fall;

iiiii. Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to timely inspect, identify, address, and mitigate dangerous, hazardous, and defective conditions on the commercial premises, prior to the time of plaintiff's fall;

jjjjj. Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to timely repair the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

kkkkk. Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual maintain the commercial premises parking lot/walkway prior to the time of plaintiff's fall;

lllll. Failed to coordinate with other entities, contractors, or subcontractors capable of successfully and timely inspect, identify, address, and mitigate dangerous, hazardous, and defective

18

conditions on the commercial premises, prior to the time of plaintiff's fall;

mmmmm.  Failed to employ, contract, and/or retain a professional, responsible and/or dependable employee, agent, staff, representative, worker, contractor, servant, personnel, company, entity and/or individual to safely remedy the known dangerous, hazardous, defective conditions of the commercial premises that caused plaintiff's trip and fall, prior to the time of plaintiff's fall;

nnnnn.  General lack of regard for the public;

ooooo.  Violated Philadelphia County ordinances, codes, and/or laws;

ppppp.  Violating the International Property Maintenance Code § 302 Exterior Property Areas §§ 302.2 (Grading and drainage) and 302.3 (Sidewalks and driveways);

qqqqq.  Violating the BOCA National Property Maintenance Code § 303.3; and

rrrrr.  Violating ASTM Standard practices for safe walking surfaces § 5.1, 5.2 Walkway Changes in level, 5.7 Exterior Walkways.

### COUNT IV
### PLAINTIFF VS. DEFENDANT, JOHN DOE

47.  Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

48.  Plaintiff preys leave of Court to seasonably amend this Complaint and name the true identities of the JOHN DOE if and when their true identities and roles in the within matter are ascertained by plaintiff.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

J. FINE LAW GROUP, P.C.

JASON E. FINE
ATTORNEY FOR ANGEL ORTIZ-CINTRON

Date: September 10, 2024

19

## VERIFICATION

I, _Angel Ortiz_, having read the attached Complaint, verifies that the within pleadings are based on information furnished to counsel, and which information has been gathered by counsel in the course of investigating this claim. The language of the Complaint is that of counsel and not of mine. I verify that I have read the within Complaint and that it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_[signature]_
Client Signature